UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARY CORNIEL,

                            Plaintiff,

       -against-

TITECH and TOMRA NY RECYCLING, LLC,

                         Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 17-2551 (RRM) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     PRELIMINARY STATEMENT

Plaintiff Gary Corniel ("Plaintiff") commenced the instant personal injury action against Defendants Titech and Tomra NY Recycling, LLC ("Tomra NY") (collectively, the "Defendants") alleging claims under state law for strict liability, negligence, and breach of express and implied warranties. *See generally* Complaint ("Compl.") [DE 1]. The Complaint charges that the Defendants "designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain produced called a Titech Autosort Optical Sorter." Compl. ¶¶ 15, 16. While using the Titech Autosort Optical Sorter (the "Optical Sorter") in the course of his employment, Plaintiff sustained severe and permanent bodily injuries to his right hand. *Id*. ¶¶ 19, 26.

Defendants failed to answer or otherwise respond to the Complaint. Consequently, Plaintiff requested a Certificate of Default from the Clerk of the Court on November 22, 2017. *See* DE 11. On December 8, 2017, the Clerk of the Court entered a Certificate of Default against Tomra NY only, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 55(a). *See* DE 12. Tomra NY appeared and moved to vacate the entry of default on April 3, 2019. *See*

Defendant Tomra's Notice of Motion to Vacate Entry of Default ("Def's Not.") [DE 16].  On April 25, 2019, the Court directed Plaintiff to file any opposition to the motion by May 13, 2019. *See* April 25, 2019 Electronic Order.  To date, Plaintiff has neither opposed the instant motion nor taken any other steps to move this case forward.

On October 28, 2019, Judge Mauskopf referred the motion to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b), as to whether Tomra NY's motion to vacate the default should be granted.  *See* October 28, 2019 Electronic Order.  For the reasons which follow, this Court respectfully recommends to Judge Mauskopf that the case be dismissed based on a preliminary issue, namely, that the Court lacks subject matter jurisdiction.  Since Plaintiff has yet to establish subject matter jurisdiction, the Court is without authority to adjudicate Tomra NY's motion to vacate the entry of default.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action against Defendants alleging negligence, breach of express and implied warranties, design defect, manufacturing defect, and failure to warn -- all arising from a workplace injury sustained by Plaintiff while he was using the Optical Sorter.  *See generally* Compl.  Plaintiff alleges that Tomra NY and Titech, among other things, designed, manufactured, sold, and distributed the Optical Sorter.  Compl. ¶¶ 15-19.  The Complaint states that on April 29, 2014, Plaintiff was using the Optical Sorter in the course of his employment when a safety stopping mechanism on the machine did not function properly, causing severe and permanent bodily injuries to Plaintiff's right hand.  *Id*. ¶¶ 19, 26.

The Complaint asserts that this Court has diversity jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. § 1332, "since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of [$75,000.00] dollars." *Id*. ¶ 7.  Plaintiff is a "resident of the State

of New York" whose citizenship is not pled. *Id*. ¶ 1. Defendant Tomra NY, pled as a limited liability corporation, is "organized under the laws of the State of New York" and maintains a "principal place of business in the State of New York." *Id*. ¶¶ 5-6. Defendant Titech is a foreign corporation "maintaining a principal place of business [in] Norway." *Id*. ¶ 3. Titech is "duly organized and existing under and by virtue of the laws of the Country of Norway" and "doing business in the State of New York." *Id*. ¶ 2. The Complaint is devoid of any allegations regarding Tomra NY or Titech's citizenship.

The Court also observes that the Complaint does not set forth a basis for federal question jurisdiction pursuant to 21 U.S.C. § 1331. Although Plaintiff's counsel states that "[t]his action was commenced pursuant to Federal Tort Claims Act" in her Affirmation seeking the entry of default against Tomra NY, this statement is not supported by the allegations set forth in the Complaint. *See* Affirmation of Kristen Sinnott in Support of Request For Certificate of Default ("Sinnott Aff.") [DE 11] ¶ 2 annexed to the Request for Certificate of Default. The Complaint does not contain any reference to the Federal Tort Claim Act, 28 U.S.C. § 1346 (the "FTCA"), nor does it allege any facts which would give rise to a claim under the FTCA. *See generally* Compl. Further, the only proper defendant in an FTCA action is the United States. *See Pierre v. Napolitano*, 958 F. Supp.2d 461, 487 (S.D.N.Y. 2013) (citing *Spinale v. U.S. Dept. of Agriculture*, 621 F. Supp. 2d 112, 117 (S.D.N.Y. 2009) (*aff'd* , 356 Fed. App'x 465 (2d. Cir. 2009)). Plaintiff does not allege that any of the Defendants were government officers or employees at the time of the subject accident. *See Thind v. Daniel*, No. 19-CV-10364, 2019 WL 6498211, at *2 (S.D.N.Y. Dec. 3, 2019) ("FTCA provides for a waiver of sovereign immunity for certain claims for money damages arising from the tortious conduct of federal government

3

officers or employees acting within the scope of their office or employment.") (citing 28 U.S.C. § 1346(b)(1)).

According to the Affidavit of Service (annexed as Ex. A to the Sinnott Aff. [DE 11-1]), the Summons and Complaint were served upon Tomra NY at its principal place of business located at 5923 Loomis Road, Farmington, NY 14425, on June 7, 2017. *See* DE 11-1. Tomra NY failed to answer or otherwise respond to the Complaint. Consequently, Plaintiff requested a Certificate of Default from the Clerk of the Court on November 22, 2017. *See* DE 11. The Clerk of the Court issued a Certificate of Default against Tomra NY only on December 8, 2017, pursuant to Rule 55(a). *See* Clerk's Entry of Default [DE 12].

There was no further action in this case until November 5, 2018 when the Court issued an Order requiring Plaintiff to submit a status report. *See* November 5, 2018 Electronic Order. On November 19, 2018, Plaintiff's counsel filed a status letter briefly explaining Plaintiff's efforts to serve the Summons and Complaint upon Defendant Titech, which is a foreign entity with headquarters in Norway. *See* DE 13. The Court granted Plaintiff's request on November 29, 2018 and directed Plaintiff to effectuate service of the Summons and Complaint on Titech by January 31, 2019. *See* November 29, 2018 Electronic Order. On January 29, 2019, Plaintiff filed a notice that the Summons was returned executed on Titech. *See* DE 15. Plaintiff's Affidavit of Service upon Titech indicates that the Summons and Complaint were served on Tomra North America -- NYC at 900 E. 136th Street, Bronx, NY 10454 -- on January 8, 2019. *Id*. It is unclear from either the Affidavit of Service or pleadings what this location constitutes and what relationship "Tomra North America – NYC" has with Titech. Titech has not appeared in this case.

4

On April 3, 2019, Tomra NY appeared and moved to vacate the default arguing that Plaintiff did not properly effectuate service on Tomra NY and that "good cause" exists to otherwise vacate the entry of default. *See* Def's Not.; Defendant's Memorandum of Law in Support of Motion to Vacate Entry of Default ("Def.'s Mem.") [DE 19]. On April 25, 2019, the Court directed Plaintiff to file opposition to the motion, if any, by May 13, 2019. *See* April 25, 2019 Electronic Order. The case was reassigned to District Judge Mauskopf on May 21, 2019. To date, Plaintiff has not filed any opposition to the instant motion.

On October 28, 2019, Judge Mauskopf referred the matter to this Court for a Report and Recommendation as to whether Tomra NY's motion to vacate entry of default should be granted. *See* October 28, 2019 Electronic Order.

### III.  LEGAL STANDARD

####   A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Lack of subject matter jurisdiction may not be waived and "may be raised at any time by a party or by the court *sua sponte*." *Lyndonville*, 211 F.3d at 700. There is an independent obligation for a federal court to "determine whether subject matter-jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lydonville*, 211 F.3d at 700-01; *see also* FED. R. CIV. P. 12(h)(3). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (internal quotations and citation omitted).

A federal court's subject matter jurisdiction may be predicated on federal question jurisdiction, *see* 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332. Here, the Complaint asserts subject matter jurisdiction based on diversity of citizenship. *See* Compl. ¶ 7. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). To establish jurisdiction based on diversity of citizenship, a plaintiff must demonstrate that the adverse parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). This diversity requirement is satisfied only if complete diversity exists, *i.e.*, "there is no plaintiff and no defendant who are citizens of the same State." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

For purposes for of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, No. 14-CV-7571, 2015 WL 1954491, at *2 (E.D.N.Y. April 29, 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. 2012). An individual's citizenship is determined by a person's domicile. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citations omitted); *Universal Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("A person is deemed a citizen of the state wherein he or she is domiciled...."); *see also Davis*, 2015 WL 1954491, at *3. "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage*, 232 F.3d at 42; *see also Linardos*, 157 F.3d at 948 ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay.").

6

The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g.*, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-0046, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman*, 213 F.3d at 51–52).

### B. Timeliness of Service

Timeliness of service is governed by Rule 4(m), which states that, if a plaintiff fails to serve a defendant within 90 days after the complaint is filed, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). A court must extend the 90-day deadline if a plaintiff can demonstrate "good cause" as to why she failed to timely serve process. *Id.* Courts consider two factors in determining whether good cause is shown: "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to the moving defendants from the delay." *Lab Crafters, Inc. v Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005) (quoting *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997)). The "inadvertence, neglect, or mistake" of an attorney will not satisfy the good cause standard. *Id.* at 284 (quoting *Myers v. Sec'y of the Dep't of the Treasury*, 173 F.R.D. 44, 46 (E.D.N.Y. 1997)). "Additionally, a mistaken belief that service was proper does not establish good cause." *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *9 (S.D.N.Y. Mar. 26, 2015) (quoting *Bernstein v. Vill. of Piermont*,

7

No. 11-CV-3677, 2012 WL 6625231, at *3 (S.D.N.Y. Dec. 20, 2012)).  However, "[t]he determination of good cause under Rule 4 is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice."  *Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc.*, 203 F.R.D. 95, 97 (2001) (quoting *Snall v. City of New York*, No. 97-CV-5204, 1999 WL 1129054, *3 (E.D.N.Y. Oct. 19, 1999)).

Rule 4 governs the manner in which domestic and foreign corporations may be served. *See generally* FED. R. CIV. P. 4.  Rule 4(h) provides that a foreign corporation may be served in a United States judicial district in either the same manner permitted under Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  *See* FED. R. CIV. P. 4(h).  Rule 4(e)(1) permits questions of service in federal courts to turn to state law, which in this case is New York.  Under New York law, service on a corporation is adequate if the summons is delivered to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  *See* N.Y. C.P.L.R. § 311(1) (MCKINNEY 1999).

Rule 4(f) provides that a foreign corporation may be served outside a United States judicial district, where a waiver of service has not been obtained, "by any internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  *See* FED. R. CIV. P. 4(f)(1).  Since Norway and the United States are both signatories to the Hague Convention, service of process on a defendant in Norway is governed by the Convention.  *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969) ("Hague

Convention"). Service can be conducted in various ways under the Hague Convention, including: "(1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005); *see also* Hague Convention arts. 5, 6, 8, 9, 10. "[T]he Hauge Convention should be read together with Rule 4, which stresses actual notice, rather than strict formalism." *Burda Media, Inc.*, 417 F.3d at 301 (citation omitted).

### IV.  DISCUSSION

#### A.  Subject Matter Jurisdiction

When viewed in the context of the foregoing principles, diversity jurisdiction has not been properly pleaded in this case. First, the Complaint alleges that Plaintiff "is a resident of the State of New York." *See Compl.* ¶ 1. However, it is well settled that "allegations of residence are insufficient to establish diversity jurisdiction." *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (quoting *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998)); *see John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("It is [ ] clear that a statement of the parties' residence is insufficient to establish their citizenship."). Since the Complaint merely alleges Plaintiff's residency and nothing more, it fails to adequately plead Plaintiff's citizenship for purposes of invoking diversity of citizenship jurisdiction. *See Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 389 (E.D.N.Y. 2016) ("[C]ourts have repeatedly found that complaints failed to allege diversity of citizenship jurisdiction where the allegations focus solely on a party's residence.") (collecting cases).

Second, the Complaint alleges that Tomra NY, a limited liability company, is "organized under the laws of the State of New York" and maintains a "principal place of business in the

9

State of New York." *See id*. ¶¶ 5-6.  In contrast to a corporation, the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather each of the states in which it has members.  *See, e.g., Avant Capital Partners, LLC v. W108 Dev. LLC,* 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ("A limited liability company takes the citizenship of its members.") (citing *Bayerische Landesbank,* 692 F.3d at 49); *Mills 2011 LLC v. Synovus Bank,* 921 F. Supp. 2d 219, 220–21 (S.D.N.Y. 2013) ("In the case of a limited liability company, such citizenship is determined by the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.") (citing *Handelsman*, 213 F.3d at 48, 51-52); *Lewis v. Allied Bronze LLC*, No. 07-CV-1621, 2007 WL 1299251, at *1 (E.D.N.Y. May 2, 2007) (citing *Handelsman*, 213 F.3d at 48).  Here, the Complaint fails to allege the members of Tomra NY as a limited liability company let alone the members' citizenship.

  Accordingly, this Court respectfully recommends to Judge Mauskopf that this action be dismissed based upon lack of subject matter jurisdiction.  This Court finds that the motion to vacate the default judgment is essentially moot and ought not to be considered in the first instance since the Plaintiff has failed to adequately plead subject matter jurisdiction.  *See Rapid Anesthesia Solutions, P.C. v. Hajjar*, No. 17-CV-4705, 2018 WL 7252960, at *4 (E.D.N.Y. Dec. 19, 2018), *report and recommendation adopted*, No. 17-CV-4705, 2019 WL 263943 (E.D.N.Y. Jan. 18, 2019) (refraining from adjudicating motion to dismiss where plaintiff failed to establish diversity of citizenship); *Novik v. Kleen Energy Sys., LLC*, No. 10-CV-01313, 2013 WL 1192985, at *3 (D. Conn. Mar. 25, 2013) ("[S]o long as the Court's subject matter jurisdiction in

this action is in doubt, it would be inappropriate for the Court to rule on any procedural or substantive issue between the parties.").

The Court is aware that by making this recommendation, it is effectively recommending a *sua sponte* dismissal. It is not clear to the Court that Plaintiff is in a position to remedy the jurisdictional defect. The Court therefore defers to Judge Mauskopf on the issue of whether Plaintiff should be permitted leave to file an amended complaint. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009) (noting that courts "generally afford an opportunity for amendment" of the pleadings to cure defective jurisdictional allegations unless "the record clearly indicates that the complaint could not be saved by any truthful amendment"); *Osipova v. J & J Holding Co.*, No. 06-CV-3468, 2007 WL 2220479, at *1 n.1 (S.D.N.Y. Aug. 1, 2007) (noting that a magistrate judge's report and recommendation "afforded [p]laintiff both notice of the potential dismissal of her [c]omplaint, and an opportunity to oppose the recommended dismissal," satisfying the notice and hearing requirement for *sua sponte* dismissal).

**B.   Timeliness of Service**

Notwithstanding whether Plaintiff could make an appropriate showing of diversity of citizenship, this Court finds that Plaintiff has failed to serve Titech, a foreign corporation, by any permissible method within 90 days after the Complaint was filed. Plaintiff's Affidavit of Service indicates that service was purportedly effectuated on Titech through "Tomra North America – NYC" located at 900 E. 136th Street, Bronx, New York. *See* DE 15. Consequently, Plaintiff elected to effectuate service on Titech within the United States pursuant to Rule 4(h)(1) on Titech's purported "officer, [ ] managing or general agent, or [ ] other agent authorized" to receive service of process -- rather than in Norway through the protocol provided by the Hague

11

Convention pursuant to Rule 4(f)(1). For such service to be proper, however, Tomra North America – NYC must constitute an "officer, a managing or general agent, or any other agent authorized" to receive service of process on behalf of Titech. *See* FED. R. CIV. P. 4(h)(1). Plaintiff provides no factual basis in the pleadings or otherwise for the Court to conclude that an authorization by law or appointment exists here. It is unclear if and how Titech and Tomra North America – NYC are connected. *See Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998) ("The burden is on the plaintiff to show a basis for an inference that the defendant has authorized a particular person to accept service of process on its behalf."). Even assuming some corporate relationship exists between the two entities, that relationship would not necessarily render service proper. *See RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 447 (S.D.N.Y. 2017) ("[S]ervice of process on a subsidiary does not automatically constitute valid service on the parent…. the law respects separate corporate identities even where one corporation may wholly own another") (citations omitted) (collecting cases).

Based on the record before the Court, Plaintiff has not effectuated proper service on Titech since filing the instant action on April 28, 2017. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "Although Rule 4(m) states that it 'does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1),' that exception does not apply where, as here, service has not been attempted in a foreign country." *RCC Ventures, LLC*, 322 F.R.D. at 449 (citing *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005) ("Although Rule 4(m) creates an exception for service in a foreign country pursuant to subdivision (f), which

12

sets forth procedures for such service, this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country.") (internal citations omitted)).

Accordingly, in the event Judge Mauskopf determines that the action should not be *sua sponte* dismissed for lack of subject matter jurisdiction, this Court respectfully recommends that Plaintiff be directed to demonstrate good cause for the failure to timely serve Titech or, in the absence of good cause, explain why the Court should exercise its discretion to provide a second extension of time to effect proper service. *See Pajak v. N.Y. State Office of Temp. & Disability Assistance*, 783 Fed. App'x 86, 87 (2d Cir. 2019) ("In the Rule 4(m) context, a district court abuses its discretion when, among other things, it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service.") (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Pajak* at 87 ("Although a district court 'must' extend the time for service where the plaintiff has shown good cause, we also have held that Rule 4 'commits extensions in the *absence* of good cause, like determinations on the *presence* of good cause, to the sound discretion of the district court.'"). Any such explanation should address, among other things, the excessive delay – now almost three years – in serving Titech as well as the lack of compliance with the Court's November 29, 2018 Order directing that service be effectuated by January 31, 2019.

**V.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended to Judge Mauskopf, pursuant to 28 U.S.C. § 636(b), that the Court (1) dismiss this action *sua sponte* for lack of subject matter jurisdiction and, as a result, (2) not address the motion to vacate the entry of default.

13

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Roslynn R. Mauskopf. Any requests for an extension of time for filing objections must be directed to Judge Mauskopf prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

SO ORDERED

Dated: Central Islip, New York
        March 6, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge