UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GARY CORNIEL,

                Plaintiff,

  - against -

TITECH and TOMRA NY RECYCLING, LLC,

                Defendants.
------------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**
17-CV-2551 (RRM) (AKT)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Gary Corniel filed this personal injury action against defendants Titech and Tomra NY Recycling, LLC ("Tomra"). (Compl. (Doc. No. 1).) Following defendants' failure to answer or otherwise respond to the complaint, Corniel requested a Certificate of Default from the Clerk. (Doc. No. 11.) On December 8, 2017, the Clerk of Court entered a Certificate of Default against Tomra only but denied Corniel's request for Certificate of Default as to defendant Titech because Corniel had not filed a summons returned executed. (Doc. No. 12; Order, December 8, 2017.) On April 3, 2019, Tomra appeared and moved to vacate the entry of default. Despite an Order directing Corniel to respond to Tomra's motion to vacate, Corniel failed to respond. (Order, April 25, 2019.) This Court referred Tomra's motion to vacate to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation.

      In a Report and Recommendation dated March 6, 2020, (the "R&R"), Magistrate Judge Tomlinson recommended that the Court dismiss this action *sua sponte* for lack of subject matter jurisdiction. (R&R (Doc. No. 23).) Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). The complaint asserts that this Court has diversity jurisdiction over Corniel's claims pursuant to 28 U.S.C. §

1332. (Compl. ¶ 7.) Magistrate Judge Tomlinson concluded that Corniel had not properly pleaded diversity jurisdiction. (R&R at 9.) Magistrate Judge Tomlinson advised the parties that they had 14 days from the date of service of the R&R in which to file objections. The R&R was served on the parties on March 6, 2020, by ECF and to date no objection to the R&R has been filed.

When determining whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, the court may adopt it without *de novo* review. *See Trustees of Local 7 Tile Indus. Welfare Fund v. Caesar Max Const. Inc.*, No. 18-CV-1339 (FB) (LB), 2019 WL 1129430, at *1 (E.D.N.Y. Mar. 12, 2019). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted) (citation omitted); *see also Riverkeeper, Inc. v. MLV Concrete, Inc.*, No. 14-CV-3762 (LDH) (PK), 2017 WL 3172859, at *1 (E.D.N.Y. July 25, 2017).

The Court has reviewed the record and, finding no clear error, adopts the R&R in its entirety as the opinion of the Court. Accordingly, the case is dismissed for lack of subject matter jurisdiction. Corniel is granted 30 days' leave to file an amended complaint.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge